# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ANTHONY WAYNE FAGAN                                                                   PETITIONER

v.                                                            CIVIL ACTION NO. 5:10-CV-P154-R

SETH HANCOCK et al.                                                       RESPONDENTS

## MEMORANDUM AND ORDER

Petitioner, Anthony Wayne Fagan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1), arguing that he is being held in state custody pending a state court criminal trial in violation of the Double Jeopardy Clause and that his attorney, David Troutman, refuses to file a motion to dismiss the indictment against him based on Double Jeopardy considerations. Because it appeared that Petitioner had not exhausted his state remedies prior to filing his petition, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust. The Court also ordered Petitioner to amend his petition to name the correct Respondent. Petitioner has moved the Court to amend his petition to name as Respondent Bill Adams, Jailer of McCracken County Jail (DN 8). That motion is **GRANTED**. The Clerk of Court is **DIRECTED** to substitute Bill Adams as the named Respondent.

To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first

opportunity to review all claims of constitutional error." *Rose*, 455 U.S. at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). Exhaustion "generally entails fairly presenting the legal and factual substance of every claim," *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987), through one full round of the state court's established review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In response to the Court's Order to show cause, Petitioner has filed a copy of a McCracken County Circuit Court Order denying Petitioner's *pro se* motion to dismiss the indictment. That Order is dated August 25, 2010. Petitioner, however, does not argue or show that he has appealed that Order in the state appellate court. Because he has not fully exhausted his state court remedies, his petition will be dismissed without prejudice for failure to exhaust by separate Order.

**CERTIFICATE OF APPEALABILITY**

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

2

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:


cc: Petitioner, *pro se*
4413.009

3